IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH KNIGHT,** | : | CIVIL ACTION NO. 1:22-CV-258 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JILL SPYKER, SGT. REIHART, JOHN PAPOTTO, MARGARET YOST, P. LECHNER, K. KAUFFMAN, D. VARNER, JOHN WETZEL,** | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Keith Knight ("Knight"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are the following current and former employees of the Pennsylvania Department of Corrections ("DOC"): Deputy Superintendent Jill Spyker, Major P. Lechner, Unit Manager Margaret Yost, Sergeant Reihart, Chief Grievance Officer D. Varner, former Superintendent K. Kauffman, former Secretary John Wetzel, and former Counselor John Papotto. Before the court is defendants' Rule 12(b) motion (Doc. 21) to dismiss. The court will grant defendants' motion and Knight will be granted leave to amend certain claims as set forth below.

### I.   Factual Background & Procedural History

Knight alleges that he was "single celled" in 1998 and eventually given an A-code status. (Doc. 1 at 2-3, 5). He alleges that, on October 27, 2014, defendants Spyker, Papotto, and Reihart conspired to remove his single-cell status without a

hearing and intentionally lost his paperwork. (Id.) Knight filed a grievance related to the removal of his single-cell status. (Id. at 6). Defendants Lechner, Kauffman, and Varner allegedly denied the grievance at their respective levels of review. (Id.) Knight asserts that defendant Wetzel revised the inmate grievance policy and removed any staff oversight. (Id.) Knight next alleges that defendants Spyker, Yost, and Kauffman conspired to conduct psychological experiments on him without his consent. (Id.)

Defendants move to dismiss Knight's complaint on the following grounds: (1) any incidents that occurred prior to 2020 are time-barred by the statute of limitations; (2) the official capacity claims are barred by the Eleventh Amendment; (3) the claims against Lechner, Kauffman, Varner, and Wetzel, based on their roles in the grievance process, must be dismissed for lack of personal involvement; (4) Knight failed to state a Fourteenth Amendment due process claim related to the removal of his single cell status; and (5) Knight failed to adequately allege conspiracy, cruel and unusual punishment, equal protection, and due process claims against Spyker, Yost, and Kauffman. (Doc. 21). Knight failed to respond to defendants' motion.[1] Therefore, the motion is deemed unopposed and ripe for resolution.

---

[1] Knight was directed to file a brief in opposition to defendants' motion to dismiss and was admonished that failure to file an opposition brief would result in defendants' motion being deemed unopposed. (Docs. 29, 32, 38) (citing M.D. PA. LOCAL RULE OF COURT 7.6).

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as

3

true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

**III.**   **Discussion**

    **A.**   **Statute of Limitations**

Defendants first seek to dismiss any claims based on conduct that occurred prior to 2020 as barred by the statute of limitations.  (Doc. 25 at 5-6).  They argue that because the statute of limitations defect is clear on the face of the complaint, i.e., certain claims accrued in 2019, and the complaint was filed on February 11, 2022, it is appropriate to address the issue on a motion to dismiss.  (Id.)

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."  Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).  A claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations that applies to personal injury tort claims in the state in which such a claim arises.  See Wallace v. Kato, 549 U.S. 384, 387 (2007); Kach v. Hose, 589 F.3d

626, 639 (3d Cir. 2009). Knight's claims arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two-year statute of limitations for personal injury actions. 42 PA. CONS. STAT. ANN. § 5524(2). The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the § 1983 action. See Garvin v. City of Phila., 354 F.3d 215 (3d Cir. 2003); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991).

The allegations of the complaint pertain to a few incidents that admittedly occurred several years ago. (Docs. 1, 2). Knight asserts that the conspiracy to deprive him of a single cell began on October 28, 2014, he did not learn of the alleged conspiracy until July 3, 2019, he filed a grievance related to this incident on July 19, 2019, and the grievance was denied on final review on November 7, 2019. (Doc. 2 at 15, 28). Based on these allegations, the statute of limitations began running at the latest, at the end of 2019. Knight did not file his complaint until February 11, 2022. Because the conduct giving rise to certain claims took place prior to February 2020, the earliest possible date on which any allegation in the complaint could be deemed timely, these claims are barred by the two-year statute of limitations applicable to § 1983 actions. Even had the action been timely commenced, the complaint would be subject to dismissal on the merits for the reasons set forth below.

**B.     Official Capacity Claims**

Defendants assert that Knight's claims against them in their official capacities are barred by sovereign immunity. (Doc. 25 at 7). Personal capacity suits

under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988). Official capacity suits, in contrast, generally represent an action against an entity of which the government official is an agent. Id.; see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690 n. 55 (1978). When suits are brought against state officials in their official capacities, those lawsuits are treated as suits against the state. Hafer v. Melo, 502 U.S. 21, 25 (1991). However, the doctrine of sovereign immunity, established by the Eleventh Amendment, protects states, such as the Commonwealth of Pennsylvania, from suits by citizens. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01, 117 (1984); Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996); Lavia v. Pennsylvania, 224 F.3d 190, 195-96 (3d Cir. 2000). That immunity runs to state officials if they are sued in their official capacity and the state is the real party upon which liability is sought. Scheuer v. Rhodes, 416 U.S. 232, 237-38 (1974). Congress has not abrogated the immunity regarding Knight's claims, nor has Pennsylvania waived this grant of immunity. See 42 PA. C.S.A. § 8521(b). Thus, Knight's section 1983 claim against the defendants in their official capacities is barred by sovereign immunity and will be dismissed. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010).

### C. Lack of Personal Involvement of Defendants Lechner, Kauffman, Varner, and Wetzel Based on their Roles in the Grievance Process

Defendants Lechner, Kauffman, Varner, and Wetzel argue that the claims against them based upon their respective roles in the grievance process must be dismissed for lack of personal involvement. (Doc. 21 at 7-8). Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." Evancho, 423 F.3d at 353 (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08; see also Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

To the extent that Knight attempts to hold defendants Lechner, Kauffman, Varner, and Wetzel based upon their involvement in the grievance procedure, this claim fails. (Doc. 1 at 6). It is well-established that the "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional

violation." Flanagan v. Shively, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992). Thus, insofar as Knight's claims against defendants Lechner, Kauffman, Varner, and Wetzel are premised on their denials of a grievance, dissatisfaction with responses to an inmate's grievances does not support a constitutional claim. See Alexander v. Gennarini, 144 F. App'x 924 (3d Cir. 2005) (concluding that involvement in the post-incident grievance process is not a basis for § 1983 liability).[2] Defendants Lechner, Kauffman, Varner, and Wetzel are entitled to dismissal on this ground.

### D. Fourteenth Amendment Claim

Knight alleges that his Fourteenth Amendment due process rights were violated based on the removal of his single cell status. (Doc. 1 at 2-3). The Fourteenth Amendment prohibits the states from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. It is well-established that an inmate does not have a constitutional right to any particular custody or security classification. Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v. Haymes, 427 U.S. 236, 242. Because prisoners have no inherent constitutional right to a particular custody or security classification, defendants' motion to dismiss the due process claim based on the removal of Knight's single cell status will be granted.

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

### E. Conspiracy, Cruel and Unusual Punishment, Equal Protection, and Due Process Claims against defendants Spyker, Yost, and Kauffman

Knight alleges that, "in years past", defendants Spyker, Yost, and Kauffman "entered into a conspiracy to conduct Dr. Jekyll/Mr. Hyde experimentations." (Doc. 1 at 6). He further alleges, in his supporting brief, that defendants Spyker, Yost, and Kauffman "did enter into an ongoing covert conspiracy to subject the plaintiff to psychological … experimentation …, subjecting the plaintiff to cruel and unusual punishment and denying the plaintiff equal protection and due process." (Doc. 2 at 9). Knight's vague and conclusory allegations fail to satisfy the specific pleading requirements set forth above. Without specific factual allegations, it is impossible to conclude that Spyker, Yost, and Kauffman deprived Knight of his constitutional rights. These claims will be dismissed with leave to amend.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). Knight's claims that pre-date 2020, the official capacity claims, claims against defendants Lechner, Kauffman, Varner, and Wetzel based upon their

roles in the grievance process, and due process claim related to the removal of the single cell status, are legally flawed and incurable; thus, leave to amend these claims would be futile.  However, Knight will be granted leave to amend his conspiracy, cruel and unusual punishment, equal protection, and due process claims against defendants Spyker, Yost, and Kauffman.

## V.     Conclusion

Defendants' motion (Doc. 21) to dismiss will be granted.  The court will grant Knight an opportunity to file an amended complaint within twenty (20) days from the date of this memorandum's corresponding order.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        January 10, 2023